```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM,        :
                                 :
            Plaintiff,           :
                                 :
     v.                          :  Civil Action No. 04-1419 JJF
                                 :
STATE OF DELAWARE, DELAWARE      :
CHANCERY COURT, DONALD           :
PARSONS, Vice Chancellor,        :
                                 :
            Defendants.          :
```

Cathy D. Brooks-McCollum, Bear, Delaware.
Pro se Plaintiff.

Stephani J. Ballard, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, STATE OF DELAWARE, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

August 15, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants' Motion To Dismiss Complaint (D.I. 17). For the reasons discussed, the Court will grant the Motion.

I.  Background

Plaintiff Cathy Brooks-McCollum has filed at least eight actions in four different Delaware State and Federal courts on her underlying grievance against the Emerald Ridge Service Corporation and its board of directors. In the original action, Plaintiff filed a Motion To Compel Indemnification, contending that Emerald Ridge Service Corporation should indemnify her. On July 29, 2004, after holding a hearing on the motion, Vice Chancellor Parsons of the Chancery Court issued an opinion denying Plaintiff's motion. Brooks-McCollum v. Emerald Ridge Service Corp., No. Civ.A. 147-N, 2004 WL 1752852 (Del. Ch. July 29, 2004). In the instant action, brought pursuant to 42 U.S.C.A. § 1983, Plaintiff claims that the Court of Chancery, presiding Vice Chancellor Donald Parsons, and the State of Delaware violated several of her constitutional rights when they denied her motion for intervention. Plaintiff asks the Court to require Defendants to grant her the relief she requested in her motion for indemnification. (D.I. 5 at 32.)

II.  Contentions

By their motion, Defendants contend that the Court should dismiss the instant action because (1) the Court is immune from

suit under the doctrine of judicial immunity; (2) Defendants are not "persons" subject to suit under 42 U.S.C.A. § 1983; (3) Defendants are immune under the Eleventh Amendment; (4) Plaintiff's claims are barred by the Rooker-Feldman doctrine, the Anti-Injunction Act, and the Younger Abstention doctrine; and (5) Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's Answering Brief (D.I. 20) addresses many of Defendants' contentions. It does not, however, address the issue upon which the Court will focus its discussion, the Rooker-Feldman doctrine.

### III. Discussion

The Court concludes that the Rooker-Feldman doctrine precludes the Court from exercising jurisdiction over the instant matter, and therefore, the Court's discussion will not address Defendants' other bases for dismissal.

Pursuant to the Rooker-Feldman doctrine, a district court does not have jurisdiction to review the decision of a state tribunal. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Feldman v. Dist. of Columbia Court of Appeals, 460 U.S. 462 (1983). Specifically, the doctrine precludes district courts from exercising subject matter jurisdiction over "constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state adjudication." Gulla v. North Strabane Township, 146 F.3d 168,

171 (3d Cir. 1998). A constitutional claim is "inextricably intertwined" with a particular state court decision if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Behr v. Snider, 900 F.Supp. 719, 724 (E.D. Pa. 1995) (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989)). "In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir.1995) (citations omitted)).

In this case, Plaintiff asks the Court to require the Defendants to grant her the relief she sought in Chancery Court by her motion for indemnification. Specifically, Plaintiff claims that the Chancery Court should require Emerald Ridge Service Corporation to indemnify her. Such a decision, however, would require the Court to review the decision previously adjudicated by the Chancery Court, namely, the Chancery Court's decision to deny Plaintiff's motion for indemnification. Thus, Plaintiff's requested relief would require the Court to effectively reverse the Chancery Court's decision. Consequently, the Court concludes that, pursuant to the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction to consider Plaintiff's asserted claims, and therefore, Defendants Motion To

Dismiss Complaint (D.I. 17) will be granted.

**IV. Conclusion**

For the reasons discussed, the Court will grant Defendants' Motion To Dismiss Complaint (D.I. 17).

An appropriate Order will be entered.

4