NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4219
_____

CATHY D. BROOKS-MCCOLLUM,

Appellant

v.

STATE OF DELAWARE;
DELAWARE CHANCERY COURT;
VICE CHANCELLOR DONALD PARSONS,
Chancery Court

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 04-cv-01419)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2006

Before: FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed: January 11, 2007)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation.

McKAY, *Circuit Judge*.

In proceedings before Vice Chancellor Donald Parsons in the Delaware Court of Chancery, Appellant pursued claims against present and former members of the board of directors of Emerald Ridge Service Corporation.  In that forum, she filed a Motion to Compel Indemnification, which the court of chancery interpreted as a motion for advancement and for a declaration that she was entitled to indemnification.  The court of chancery denied her motion as to advancement, and dismissed without prejudice her request for a ruling on indemnification "on the grounds that it is premature and seeks an impermissible advisory opinion."  *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, No. Civ. A 147-N, 2004 WL 1752852, at *3 (Del. Ch. July 29, 2004).  The Delaware Supreme Court rejected her attempted interlocutory appeal for failure to satisfy procedural and substantive requirements, *Brooks-McCollum v. Shareef*, 871 A.2d 1127 (table), 2004 WL 2239713 (Del. Sept. 30, 2004). Appellant subsequently filed the instant action in the United States District Court for the District of Delaware.

In her lengthy district court complaint, Appellant primarily reiterated her grievances against the defendants in the chancery court litigation and her claim that she is entitled to indemnification.  To the extent that she made claims against Appellees, she alleged that the chancery court "erred in its opinion" and that the opinion "clearly [went] against all State Laws, and US and Federal Laws."

(Compl. at 26.) Appellant made similar allegations throughout her complaint. (Compl. at 9-10, 13-14, 16-18, 21, 25.) As relief, she requested that the district court order the indemnification she seeks in the chancery court, "not allow the Chancery Court and State of Delaware attempt to have [the chancery court] case dismissed," and otherwise grant her declaratory and injunctive relief. (Am. Compl. at 32.)

Appellees filed a motion to dismiss on the grounds that Vice Chancellor Parsons and the court are immune from suit under the doctrine of judicial immunity; that Appellees are not "persons" subject to suit under 42 U.S.C. § 1983; that Appellant's claims are barred by the *Rooker-Feldman* doctrine, the Anti-Injunction Act, and the *Younger* abstention doctrine; that Appellees are immune under the Eleventh Amendment; and that Appellant failed to state a claim upon which relief could be granted. The district court granted the motion, basing its decision on the *Rooker-Feldman* doctrine, and this appeal followed. We exercise plenary review, *see Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), and affirm on alternative bases supported by the record, *see Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

To the extent that Appellant directed her allegations against the chancery court and the State of Delaware, she did not assert actionable claims because the chancery court and the State have sovereign immunity. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency

3

from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, *see Space Age Products, Inc. v. Gilliam*, 488 F. Supp. 775, 780 (D. Del. 1980), and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, under which Appellant ostensibly proceeds,[1] *see Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Any claims for monetary damages against Vice Chancellor Parsons are barred by the doctrine of judicial immunity. Vice Chancellor Parsons, presiding over a dispute properly brought in chancery court, retains judicial immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Therefore, he cannot be held liable for damages for any of the alleged errors. *See id.* at 359-60.

To the extent that Appellant seeks injunctive or declaratory relief from Vice Chancellor Parsons, we affirm the district court's dismissal of the complaint on the alternative ground of *Younger* abstention.[2] In *Younger v. Harris*, 401 U.S.

---

[1] She meets another obstacle through this avenue, as neither the State of Delaware nor its chancery court may be considered "persons" under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

[2] While the district court dismissed the entire complaint based on lack of
(continued...)

4

37 (1971), the Supreme Court held that, absent extraordinary circumstances, federal courts must abstain from interfering with pending state criminal prosecutions. The Court based its decision on "the longstanding public policy against federal court interference with state court proceedings." *Id.* at 43. While the *Younger* case involved a state criminal prosecution, "the national policy against enjoining pending state court proceedings has since been extended to noncriminal judicial proceedings." *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002).

Abstention is appropriate under *Younger* where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."[3] *Schall v. Joyce*, 885 F.2d 101, 106 (3d

---

[2](...continued)
subject matter jurisdiction, *Younger* abstention "represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005). Thus, because we hold that *Younger* abstention applies, we do not need to consider whether the district court had subject matter jurisdiction over these claims.

[3] An exception to *Younger* exists where "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Since Appellant herself brought the state proceedings and she does not claim that any of the statutes invoked in the state court proceedings are unconstitutional, neither of the
(continued...)

Cir. 1989). The first prong is clearly satisfied in this case, as the chancery court proceeding is judicial in nature and is still pending. The third prong is also satisfied, as state appellate review is available to determine whether the chancery court ruling indeed violated Appellant's federal constitutional and civil rights.[4]

The second prong of the test asks whether the state proceedings implicate important state interests. In considering this prong of the test, we held in *Schall* that where the other elements of the test are met, neither injunctive nor declaratory relief will be available "in cases in which the federal relief would render the state court's orders or judgments nugatory." 885 F.2d at 108. So far as we can tell from reading Appellant's rambling pleadings, she is essentially requesting that the district court require Vice Chancellor Parsons to change his ruling. Any relief that could be granted by the district court would directly impact Delaware's interest in protecting the authority of its judicial system, as the relief would necessarily be predicated on a determination that Vice Chancellor Parsons's ruling was wrongly decided. Were the district court to make this determination, it would in essence be "substitut[ing] itself for the State's

---

[3](...continued)
exceptions apply here.

[4] Although Appellant's attempted interlocutory appeal was refused for procedural and substantive defects, Appellant will have the opportunity to appeal the chancery court's ruling to the Delaware Supreme Court once a final judgment has been rendered.

appellate courts," *Huffman v. Pursue*, 420 U.S. 592, 609 (1975), which would "result[] in duplicative legal proceedings" and could "readily be interpreted 'as reflecting negatively upon the state court's ability to enforce constitutional principles,'" *id.* at 604 (quoting *Steffel v. Thompson*, 415 U.S. 452, 462 (1974)).

Thus, the state proceeding implicates the important state interest of preserving the authority of the state's judicial system.[5]  Because all elements of the three-prong test for *Younger* abstention are met, we hold that the district court properly dismissed any claims for injunctive or declaratory relief against Vice Chancellor Parsons.

In conclusion, all of Appellant's claims either are barred or should be dismissed under the *Younger* abstention doctrine.  Therefore, we will affirm the district court's dismissal of Appellant's complaint.

---

[5] Other important state interests may be implicated as well.  For instance, Vice Chancellor Parsons's ruling dealt with state corporate law issues, which may very well constitute an "important state interest" under the three-prong test. *See Harper v. Pub. Serv. Comm'n*, 396 F.3d 348, 353 (4th Cir. 2005) ("Corporate law . . . often reveals state interests important in *Younger* analysis."); *see also O'Neill v. Philadelphia*, 32 F.3d 785, 792 (3d Cir. 1994) (collecting cases; holding that the regulation of on-street parking is an "important state interest" for purposes of *Younger* abstention).